12 CV 5835

PREET BHARARA
United States Attorney for
the Southern District of New York
By: BARBARA A. WARD
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-1048
Barbara.Ward@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    Plaintiff,

- v -

APPROXIMATELY $1,588,308 ON DEPOSIT
IN THE UNITED STATES MARSHALS
SERVICE SEIZED ASSETS DEPOSIT
ACCOUNT AT THE FEDERAL RESERVE
BANK, NEW YORK, NEW YORK, AND ALL
PROPERTY TRACEABLE THERETO,

    Defendant in rem.

---

VERIFIED COMPLAINT

12 Civ.

ECF CASE

---

Plaintiff United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, for its Verified Complaint alleges, upon information and belief, as follows:

## I. JURISDICTION AND VENUE

1.    This action is brought by the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) and 984, seeking the forfeiture of all right, title and interest in the following property:

>Approximately $1,588,308 on Deposit in the United States Marshals Service Seized Assets Deposit Account at the Federal Reserve Bank, New York, New York, and all property traceable thereto,

(hereinafter, the "Defendant Funds" or the "Defendant in rem").

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

3. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York.

## II. PROBABLE CAUSE FOR FORFEITURE

4. The Defendant Funds represent a portion of the proceeds from the sale of real property located in Newton, Massachusetts (the "Property").

5. The Property was purchased in or about September 1995 for approximately $910,000 in cash that was wire transferred to the United States from a bank account in Geneva, Switzerland, held in the name of Dundy Trading Corporation, a British Virgin Islands entity.

6. Dundy Trading Corporation was established in or about May 1995 by and for the benefit of a foreign official (the "Foreign Official").

7. The Property was sold in or about July 2000 for approximately $1,550,000, and the net sale proceeds were deposited in attorney escrow accounts. A portion of those proceeds was thereafter used to pay, among other things, outstanding obligations in connection with the Property.

8. On or about May 6, 2002, a United States Magistrate Judge in the Southern District of New York issued a seizure warrant for the remaining sale proceeds based on probable cause that the Foreign Official, through Dundy Trading Corporation, had purchased and maintained the Property with bribe money unlawfully and corruptly received from various companies, by, through, and with the knowing and willful assistance of a United States citizen, residing and doing business in the Southern District of New York and elsewhere, in connection with the carrying out of the Foreign Official's official duties. The following funds were seized pursuant to the warrant:

    a. $291,555.91 formerly on deposit in Account No. 110768-308-1, in the name of Steven S. Greenzang, Esq., Escrow Agent for Dundy Trading Corp., Citizens Bank, 20 Cabot Road, Medford, MA;

    b. $53,550.61 formerly on deposit in Account No. 1163-267795 in the name of Steven S. Greenzang, Esq., Escrow Agent for Dundy Trading Corp., Citizens Bank, 20 Cabot Road, Medford, MA;

    c. $4,667.01 formerly on deposit in Account No. 113394-199-8 in the name of Steven S. Greenzang, Esq., Escrow Agent for Dundy Trading Corp., Legal Defense Fund, Citizens Bank, 20 Cabot Road, Medford, MA; and

    d. $798,193.19 formerly on deposit in Account No. 005328-8565 in the name of Law Offices of Edwin Whittemore, MA IOLTA Committee, Beneficiary of IOLTA Fleet Bank, Concord, MA, 01742,

and all proceeds traceable thereto.

The seized funds, plus interest and income attributable thereto since the date of deposit in the United States Marshals Service Seized Assets Deposit Account (approximately $1,588,308 in aggregate) comprise the Defendant in rem.

### III. FIRST CLAIM FOR FORFEITURE

9. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through eight of this Verified Complaint.

10. Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of ... section 1956 or 1957 of this title [relating to money laundering], or any property traceable to such property," is subject to forfeiture to the United States.

11. 18 U.S.C. § 1956(a)(1) imposes a criminal penalty upon any person who,

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity–
>
> (A) (i) with the intent to promote the carrying on of specified unlawful activity; or
>
> .... or
>
> (B) knowing that the transaction is designed in whole or in part–
>
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or
>
> ....

4

12. Section 1956(a) further imposes a criminal penalty upon any person who:

(2) ... transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States–

(A) with the intent to promote the carrying on of specified unlawful activity; or

(B) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part–

    (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

    ....

13. Section 1956(f) provides that:

(f) There is extraterritorial jurisdiction over the conduct prohibited by this section if–

    (1) the conduct is by a United States citizen or, in the case of a non-United States citizen, the conduct occurs in part in the United States; and

    (2) the transaction or series of related transactions involves funds or monetary instruments of a value exceeding $10,000.

14. Title 18, United States Code, Section 1956(h) provides that "[a]ny person who conspires to commit any offense defined in this section" shall be guilty of a crime.

15. Section 1957 of Title 18, United States Code, provides, in pertinent part, that "[w]hoever ... knowingly engages or attempts to engage in a monetary transaction [in

5

the United States] in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity" shall be guilty of a crime. A "monetary transaction" includes "the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument ... by, through, or to a financial institution ...." 18 U.S.C. § 1957(f)(1).

16.     For purposes of Sections 1956 and 1957, "specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and includes,

> (B) with respect to a financial transaction occurring in whole or in part in the United States, an offense against a foreign nation involving–
>
> ...
>
>> (ii) ... extortion, ...;
>>
>> ....
>>
>> (iv) bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official;
>>
>> ...
>
> (D) ... any felony violation of the Foreign Corrupt Practices Act ....

### IV. SECOND CLAIM FOR FORFEITURE

17.     Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through sixteen of this Verified Complaint.

18.     Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting

'specified unlawful activity' (as defined in Section 1956(c)(7) of [title 18]), or a conspiracy to commit such offense," is subject to forfeiture to the United States.

19. For purposes of Section 981(a)(1)(C), "specified unlawful activity" includes the offenses set forth in paragraph sixteen, above.

20. Title 18, United States Code, Section 981(a)(2)(A) provides, in pertinent part, that:

> (A) In cases involving . . . unlawful activities . . . the term "proceeds" means property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.

21. Title 18, United States Code, Section 984 provides, in pertinent part, that:

> (a)(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or precious metals –
>
> > (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
> >
> > (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.
>
> (b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

7

22.    Title 28, United States Code, Section 1355(b) provides, in pertinent part, that:

(1) A forfeiture action or proceeding may be brought in–

(A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, ....

WHEREFORE, plaintiff United States of America prays that process be issued to seize and enforce the forfeiture of the Defendant in rem and that all persons having an interest in the Defendant in rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant in rem to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
        July 30, 2012

PREET BHARARA
United States Attorney for
the Southern District of New York
Attorney for the Plaintiff
United States of America

By: /s/ Barbara A. Ward
BARBARA A. WARD
Assistant United States Attorney

## VERIFICATION

STATE OF NEW YORK             )
COUNTY OF NEW YORK            ) ss:
SOUTHERN DISTRICT OF NEW YORK )

ROBERT M. CAPPADONA, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation, and as such has responsibility for the within action; that he has read the foregoing Amended Verified Complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the ground of his belief are official records and files of the United States and information obtained directly by deponent during an investigation of alleged violations of Title 18, United States Code.

_____
ROBERT M. CAPPADONA
Special Agent
Federal Bureau of Investigation

Sworn to before me this
22nd day of June, 2012:

_____
NOTARY PUBLIC

DOUGLAS A LEFF
Notary Public, State of New York
No. 02LE5036937
Qualified In New York County
Term Expires Decemeber 12, 20 14